IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Bryan Joseph Getchius,<br><br>Plaintiff,<br><br>v.<br><br>Greenwood County, Greenwood County Sheriff's Office, DENNIS D. KELLY, in his individual capacity, DAVID BYRON KEENER III, in his individual capacity, WESLEY McCLINTON, in his individual capacity, and JAMES TRAVIS FREEMAN, in his individual capacity,<br><br>Defendants. | Case No.:<br><br>COMPLAINT<br><br>(Jury Trial Requested) |

**COMPLAINT**

The Plaintiff, Bryan Joseph Getchius, by and through his undersigned counsel, complaining of the Defendants Greenwood County, Greenwood County Sheriff's Office, Sheriff Dennis D. Kelly, Deputy David Byron Keener III, Deputy Wesley McClinton, and Officer James Travis Freeman ("Defendants"), would respectfully show unto this Honorable Court:

**PARTIES & BACKGROUND**

**Introduction**

1. All police departments and sheriff's offices should recognize and respect the value and sanctity of human liberty and treat all people with dignity and respect in every encounter. Specifically, the Greenwood County Sheriff's Office publishes that its mission is to "ensure that public interests and constitutionally guaranteed liberties are protected and that the judicial process

is followed according to law." Despite this duty, Greenwood County, the Greenwood County Sheriff's Office, and its deputies showed no care and outright disregarded the liberty and constitutional rights of Bryan Joseph Getchius on the night of May 15, 2024, as will be further explained below.

**Plaintiff**

2. That Plaintiff, Bryan Joseph Getchius (hereinafter "Plaintiff"), is and was a citizen and resident of the State of South Carolina at all times relevant herein. At the time of the events giving rise to this action, Plaintiff was present in Greenwood County, South Carolina, and was lawfully in possession of validly prescribed medication. At the time of his arrest, Plaintiff had achieved approximately fourteen and one-half months of continuous sobriety and was employed in the field of addiction recovery, working as a social media manager and business developer for an addiction treatment center in Florida.

**Greenwood County and Greenwood County Sheriff's Office**

3. Defendant Greenwood County is a political subdivision of the State of South Carolina, existing under the laws of the State of South Carolina (as defined by Section 15-78-10 of the Code of Laws of South Carolina (1985), as amended).

4. At all times relevant herein, Defendant Greenwood County operated and controlled the Greenwood County Sheriff's Office, and acted and carried on its business by and through its agents, servants, and/or employees who were operating within the scope of their officially assigned and/or compensated duties.

5. Defendant Greenwood County Sheriff's Office is a law enforcement agency of Greenwood County, South Carolina, operating pursuant to the laws of the State of South Carolina.

At all times relevant herein, Defendant Greenwood County Sheriff's Office acted by and through its agents, servants, and/or employees, including the individually named Defendants herein.

**Sheriff Dennis D. Kelly**

6. Upon information and belief, Defendant Sheriff Dennis D. Kelly is a resident and citizen of South Carolina and was the duly elected Sheriff of Greenwood County at all times relevant herein. As the elected Sheriff of Greenwood County, Defendant Kelly serves as the chief law enforcement officer and final policymaker for the Greenwood County Sheriff's Office. As such, he was the leader and commanding officer of Defendants Keener, McClinton, and Freeman, and was ultimately responsible for their hiring, training, supervision, retention, and conduct. For purposes of this action, Defendant Sheriff Dennis D. Kelly is being sued in his individual capacity under the color of state law. Furthermore, Defendant Sheriff Kelly was well aware of Plaintiff's constitutional rights that were violated.

**Deputy David Byron Keener III**

7. Upon information and belief, Defendant David Byron Keener III (hereinafter "Deputy Keener") is a resident and citizen of South Carolina and was an agent, servant, and/or employee of Defendants Greenwood County and/or Greenwood County Sheriff's Office at all times relevant herein. Specifically, Deputy Keener (Badge #369), at all times relevant herein, was employed by Greenwood County and/or Greenwood County Sheriff's Office as a law enforcement deputy. For purposes of this action, Deputy Keener is being sued in his individual capacity under the color of state law. Furthermore, Deputy Keener was well aware of Plaintiff's constitutional rights that he violated.

**Deputy Wesley McClinton**

8. Upon information and belief, Defendant Wesley McClinton (hereinafter "Deputy McClinton") is a resident and citizen of South Carolina and was an agent, servant, and/or employee of Defendants Greenwood County and/or Greenwood County Sheriff's Office at all times relevant herein. Specifically, Deputy McClinton (Badge #383), at all times relevant herein, was employed by Greenwood County and/or Greenwood County Sheriff's Office as a law enforcement deputy. For purposes of this action, Deputy McClinton is being sued in his individual capacity under the color of state law. Furthermore, Deputy McClinton was well aware of Plaintiff's constitutional rights that he violated.

**Officer James Travis Freeman**

9. Upon information and belief, Defendant James Travis Freeman (hereinafter "Officer Freeman") is a resident and citizen of South Carolina and was an agent, servant, and/or employee of Defendants Greenwood County and/or Greenwood County Sheriff's Office at all times relevant herein. Specifically, Officer Freeman (Badge #0232), at all times relevant herein, was employed by Greenwood County and/or Greenwood County Sheriff's Office as a law enforcement officer. Officer Freeman swore to and submitted all three arrest warrant affidavits against Plaintiff despite not being the responding officer at the scene. For purposes of this action, Defendant James Travis Freeman is being sued in his individual capacity under the color of state law. Furthermore, Defendant Freeman was well aware of Plaintiff's constitutional rights that he violated.

## JURISDICTION AND VENUE

10. This court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because: (i) the federal law claims arise under the constitution and

statutes of the United States; and (ii) the state law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the United States Constitution.

11. Venue in this action properly lies in this district pursuant to 28 U.S.C. § 1391 because the Defendants are considered to reside in this judicial district and the separate and distinct acts and occurrences giving rise to the claims occurred in this judicial district, specifically in Greenwood County, South Carolina.

**FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

12. That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

13. That upon information and belief, and at all times relevant herein, Defendants Deputy Keener, Deputy McClinton, and Officer Freeman were employees and servants of Defendants Greenwood County and/or Greenwood County Sheriff's Office as law enforcement officers, making them under the direct control and supervision of Defendants Greenwood County, Greenwood County Sheriff's Office, and Sheriff Dennis D. Kelly.

14. At all times relevant herein, Defendants Deputy Keener and Deputy McClinton used the resources and abused the power and authority of their offices to wrongfully arrest, maliciously prosecute, and violate the constitutional rights of Plaintiff, whom they took an oath to protect and serve, in contradiction of their duties and accountability to the public.

15. That upon information and belief, and at all times relevant herein, Defendants Deputy Keener, Deputy McClinton, and Officer Freeman were on duty, in uniform, wearing badges, carrying their service weapons, and/or acting under the color of law in the course and scope of their employment.

16. That upon information and belief, and at all times relevant herein, Defendants Greenwood County, Greenwood County Sheriff's Office, and Sheriff Dennis D. Kelly had the ability to control or should have known they had the ability to control Defendants Deputy Keener, Deputy McClinton, and Officer Freeman, making them liable for their acts and conduct.

17. That upon information and belief, and at all times herein, Defendants Greenwood County, Greenwood County Sheriff's Office, and Sheriff Dennis D. Kelly knew or should have known of the necessity and opportunity to exercise control of Defendants Deputy Keener, Deputy McClinton, and Officer Freeman.

18. On the night of May 15, 2024, at approximately 11:00 p.m., Plaintiff Bryan Getchius was lawfully operating a silver 2011 Toyota Camry bearing South Carolina license plate YBR184 on Bypass 25 in Greenwood County, South Carolina. Plaintiff was traveling from Greenwood, where his mother resided, back to Florida, where he was employed as a social media manager and business developer for an addiction treatment center. Plaintiff had been visiting Greenwood following the death of his father and had also started two large Facebook groups to connect others in addiction recovery with support resources.

19. At that time, Defendants Deputy Keener and Deputy McClinton were on duty, in uniform, wearing badges, carrying their service weapons, operating a law enforcement vehicle, and/or acting under the color of law in the course and scope of their employment as deputies for the Greenwood County Sheriff's Office.

20. After observing Plaintiff's vehicle allegedly swerving on Bypass 72, Deputy McClinton initiated a traffic stop. Plaintiff pulled into the parking lot of Emily's Buffet restaurant at or near the intersection of Bypass 25 NE and Commerce Circle West. Plaintiff was cooperative

throughout the encounter. Plaintiff presented a Florida identification card and admitted that his driver's license was suspended.

21. Plaintiff gave consent to search his vehicle, believing cooperation would result in a more favorable outcome regarding his suspended license. Plaintiff knew he had nothing to hide; for the first time since he was nineteen years old, he had achieved long-term sobriety, approximately fourteen and one-half months at the time of the stop. His vehicle contained no illegal substances.

22. During the search of Plaintiff's vehicle, Deputy McClinton discovered a blue prescription pill bottle issued by Meadows Pharmacy in Florida. The pill bottle label plainly and clearly identified the prescription as belonging to "GETCHIUS, BRYAN" and stated the medication to be "DICYCLOMINE HCL 10MG," with directions to "TAKE ONE CAPSULE BY MOUTH THREE TIMES A DAY" (Prescription No. 49939). The bottle contained Dicyclomine HCl 10mg capsules (Lannett brand, imprint code 0586 LANETT) and Dicyclomine HCl 20mg tablets (imprint code LAN 1282) — all lawfully prescribed, non-controlled medications for the treatment of irritable bowel syndrome (IBS).

23. Body camera footage, which was active and recording throughout the stop, documents that Deputy McClinton used his cell phone to conduct an internet search of the pill markings during the stop. The search results confirmed Plaintiff's representation that the pills were Dicyclomine, a legal prescription antispasmodic that is not a controlled substance under state or federal law. The SLED forensic laboratory would later confirm through visual examination that the tablets were "consistent with a pharmaceutical preparation," directly contradicting the warrant affidavit characterization.

24. Despite personally confirming the pill identification through an internet search, Deputy McClinton rejected this exculpatory information and proceeded to administer a "Number 33 Fentanyl Reagent" field drug test on the contents of the pill bottle. The field test is a presumptive, colorimetric test that is widely known in law enforcement and scientific communities to produce false positive results for fentanyl when applied to a wide range of legal medications and household substances, including Dicyclomine.

25. Based on a positive result from the field drug test alone, and despite his own confirmatory internet search identifying the pills as Dicyclomine, Deputy McClinton yelled "Miranda" to Deputy Keener, who then read Plaintiff his Miranda rights. Plaintiff told the deputies that the pills were Dicyclomine, a legal prescription. The deputies disregarded Plaintiff's explanation.

26. Body camera footage reveals that Deputy McClinton made statements reflecting awareness that the field test result was inconsistent with the pill's identification. McClinton stated words to the effect of "Something ain't right" and referenced his purported experience making pills with a pill press. McClinton's incident report later characterized this as "having prior knowledge of pills consistent with these being clandestinely made and containing Fentanyl." Despite this rationalization, McClinton had already used his own phone to confirm the pills were legitimate pharmaceutical products.

27. Plaintiff was placed under arrest and transported to the Greenwood County Detention Center. Plaintiff's two iPhones were also seized at the scene. After Plaintiff was transported, Deputies McClinton and Keener performed a second, extended search of Plaintiff's vehicle — including under the hood, inside the battery box, along the door panels and interior trim, and around the tires. They found nothing.

28. After Plaintiff was arrested and transported to the Greenwood County Detention Center, the deputies conducted a second field drug test on the contents of the Lannett 0586 capsules using a "[DCO] Cocaine Test MobileDetect Pouch" manufactured by DetectaChem (Test ID: DCO0082252), timestamped May 16, 2024, at 02:19:40 AM. This test was conducted after the arrest had already been effectuated. The MobileDetect Test Report registered a "Positive Detection" for "Cocaine HCL, Free-base, Crack." On the basis of this post-arrest field test alone, a third criminal charge was lodged against Plaintiff.

29. The following day, on May 16, 2024, Defendant Officer James Travis Freeman — who was not the responding or arresting officer, was not present at the traffic stop, and had no independent basis for knowledge of the underlying events — swore to and submitted three arrest warrant affidavits before Magistrate Cheryl Warren. Magistrate Warren issued the following warrants:

a) Warrant 2024A2410200697: Trafficking Fentanyl, 4 grams or more but less than 14 grams, First Offense, in violation of S.C. Code Ann. § 44-53-0370(e)(9), carrying a mandatory minimum sentence of seven (7) years imprisonment without the possibility of parole;

b) Warrant 2024A2410200698: Manufacture, Distribution, or Possession/Possession of a Schedule II Controlled Substance, in violation of S.C. Code Ann. § 44-53-0370(b)(1), concerning the LAN 1282 tablets and powder; and

c) Warrant 2024A2410200699: Manufacture, Distribution, or Possession/Possession of a Schedule II Controlled Substance, in violation of S.C. Code Ann. § 44-53-0370(b)(1), concerning the Lannett 0586 capsules, alleged to contain white powder field tested presumptive positive for cocaine, approximately 2.6 grams.

30. Defendant Freeman's three warrant affidavits contained materially false statements and critical omissions. The affidavits characterized the pills as "poorly made, broke apart with very small amount of force, consistent with clandestinely manufactured Fentanyl pills." This characterization was false and directly contradicted by: (a) the plain pharmaceutical imprint

markings visible on every tablet and capsule; (b) Deputy McClinton's own body camera footage documenting his internet search confirming the pills' legitimate pharmaceutical identity; and (c) the SLED forensic laboratory's subsequent visual examination finding that the tablets were "consistent with a pharmaceutical preparation."

31. Most critically, all three warrant affidavits submitted by Defendant Freeman omitted entirely the material fact that Deputy McClinton had identified the pill markings as Dicyclomine through an internet search conducted at the scene. McClinton's own incident report, authored on May 16, 2024, explicitly stated that the pills "were identified by their markings as Dicyclomine Hydrochloride 20mg" — yet this exculpatory identification was wholly absent from Freeman's affidavits. The omission of this material fact rendered the warrant affidavits constitutionally deficient under *Franks v. Delaware*, 438 U.S. 154 (1978).

32. The incident report authored by Deputy McClinton and reviewed and approved by Lieutenant J. Young (#313) further omitted from the formal case record the exculpatory significance of the pill imprint identification and the internet search confirming the pills' legitimate pharmaceutical origin.

33. As a result of Defendants' actions, Plaintiff spent fifteen (15) days in the Greenwood County Detention Center before bonding out. Plaintiff was then placed on house arrest with an ankle monitoring device for approximately seven (7) months, confined primarily to his mother's residence in Greenwood. During this period, Plaintiff was unable to return to his employment in Florida or to maintain the sponsorship relationships and recovery community support that had sustained his sobriety.

34. Plaintiff incurred tens of thousands of dollars in attorney's fees and costs defending against charges that Defendants' own evidence — the prescription label, the body camera footage,

and the internet search confirming the pills' identity — demonstrated were unsupported from the outset.

35. Plaintiff's evidence was submitted to the South Carolina Law Enforcement Division (SLED) Forensic Laboratory (Lab No. L24-09538). Due to a well-documented backlog of approximately 18,000 cases at the state lab, the results were not returned for over sixteen (16) months. On October 1, 2025, SLED Forensic Scientist Elise London issued the laboratory report confirming through chemical testing, gas chromatography/mass spectrometry (GC/MS), and visual examination that all items — including the LAN 1282 tablets, the tablet residue/powder, and all Lannett 0586 capsules — contained exclusively Dicyclomine, a legal prescription medication that is not a controlled substance under state or federal law.

36. Upon receipt of the SLED laboratory results, Greenwood County prosecutors held the results for approximately two weeks before disclosing them, despite daily inquiries from Plaintiff's defense counsel. Prosecutors then offered Plaintiff a plea deal — plead guilty to a reduced possession charge in exchange for dismissal of the trafficking charge — despite laboratory confirmation that no controlled substances were present. Plaintiff refused to plead guilty to possessing nonexistent drugs. The charges were thereafter dismissed.

37. In total, it took Plaintiff one (1) year, four (4) months, and twenty-eight (28) days from the date of his arrest to clear his name. At no point during this period did Plaintiff possess any illegal controlled substance.

38. That Greenwood County, Greenwood County Sheriff's Office, and Sheriff Dennis D. Kelly were under a duty to prevent Defendants Deputy Keener, Deputy McClinton, and Officer Freeman from harming Plaintiff, and/or conducting themselves in a manner that created an unreasonable risk of harm to citizens, including Plaintiff.

39. Notwithstanding information that was known or should have been known by Defendants Greenwood County, Greenwood County Sheriff's Office, and Sheriff Dennis D. Kelly, Defendants continued to employ and retain Deputies Keener and McClinton and Officer Freeman, took no measure to ensure the safety, security, and constitutional rights of the citizens they were charged to protect and serve, and failed to properly monitor and supervise these officers, including with respect to the known unreliability of field drug tests and the constitutional requirements governing warrant affidavit accuracy.

40. That as a direct and proximate result of Defendants' actions and/or inactions, including their wrongful arrest of Plaintiff, their submission of false and misleading warrant affidavits omitting material exculpatory evidence, and their malicious continuation of criminal proceedings against Plaintiff for over sixteen months in the face of exculpatory evidence, Plaintiff suffered harm including but not limited to: violation of his constitutional right under the Fourth Amendment to remain free from unreasonable searches and seizures; violation of his right to be free from prosecution without probable cause; great and permanent mental harm and injury; economic loss; emotional distress; anguish; psychological trauma; anxiety; depression; embarrassment; fear; humiliation; loss of wages; loss of earning capacity; destruction of his sobriety support network; and loss of enjoyment of life, which has and will in the future cause him to spend money for mental health treatment services.

**FOR A FIRST CAUSE OF ACTION**
**AS TO DEFENDANTS GREENWOOD COUNTY AND GREENWOOD COUNTY SHERIFF'S OFFICE**
**Negligence/Gross Negligence and/or Recklessness**

41. That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

42. That Defendants were acting under the color or pretense of State law, customs, practices, usage, or policy at all times mentioned herein by employing agents, supervisors, or other such personnel and/or employees and had certain duties imposed upon them with regard to Plaintiff.

43. That Defendants acting through their agents and servants were negligent, careless, reckless, and grossly negligent at the time and place aforementioned in the following particulars:

a) In arresting Plaintiff without probable cause;

b) In falsely arresting Plaintiff based solely on a field drug test known to produce false positive results;

c) In arresting Plaintiff without sufficient grounds when the prescription bottle, pill imprints, and deputies' own internet search confirmed the pills were legal Dicyclomine;

d) In ordering and effectuating an arrest when Plaintiff's prescription label and deputies' own internet search confirmed the contents were non-controlled medication;

e) In failing to properly train, supervise, and monitor its staff regarding the known unreliability of field drug tests and the constitutional requirements for probable cause;

f) In violating established precedent and in arresting Plaintiff without probable cause;

g) In failing to take that degree of skill and care which a reasonable and/or prudent law enforcement officer would have done under the same or similar circumstances;

h) In failing to properly hire, train, and/or supervise its employees;

i) In failing to have adequate policies and procedures in place to protect citizens from arrest based solely on field drug tests when contradictory pharmaceutical identification evidence is present;

j) In failing to enforce their own internal rules, policies, procedures, and standards regarding evidence evaluation;

k) In refusing to dismiss the charges after the prescription label, pill imprints, and deputies' own body camera footage confirmed the pills were legal prescription medication;

l) In exercising discretion in a grossly negligent manner. *See Duncan v. Hampton County School District #2*, 335 S.C. 535, 517 S.E.2d 449 (S.C. App. 1999) ("if discretion is exercised in a grossly negligent manner then the government entity involved is liable for its torts as if it were a private individual");

m) In failing to exercise reasonable or slight care to protect Plaintiff from harm at the hands of its personnel, agents, officers, and/or employees;

n) In failing to exercise reasonable or slight care to properly train and/or supervise its personnel regarding field drug test limitations and constitutional requirements for probable cause;

o) In failing to exercise reasonable or slight care to draft and/or institute proper policy and procedure to prevent arrests based solely on unreliable field drug tests when confirmatory pharmaceutical evidence is present;

p) In failing to exercise reasonable or slight care to make periodic and proper investigations and take remedial action to prevent inappropriate, unlawful, and/or unconstitutional actions;

q) In failing to exercise reasonable or slight care to properly supervise Defendants Deputy Keener, Deputy McClinton, and Officer Freeman;

r) In engaging in a pattern and practice of relying upon notoriously unreliable field drug tests as the sole basis for arrest, contrary to well-documented scientific and legal authority establishing their inadequacy;

s) In failing to adopt, implement, enforce, and/or follow policies and/or procedures for reasonable interaction with citizens who produce confirmatory prescription evidence;

t) In failing to exercise even slight care to protect Plaintiff from harm; and

u) In any other manner that Plaintiff may become aware of through discovery and/or trial.

44. All of which were the direct and proximate cause of the damages suffered by Plaintiff herein, said acts being in violation of the statutes and laws of the State of South Carolina.

45. That as a direct and proximate result of Defendants' negligence, gross negligence, carelessness, and/or recklessness, Plaintiff was harmed, suffered economic loss, and sustained severe and permanent emotional distress, humiliation, mental anguish, indignity, loss of pleasures and enjoyment of life, loss of wages, loss of earning capacity, and destruction of his sobriety support network, which required and will in the future require psychological and psychiatric medical care and treatment.

46. That as a direct and proximate result of Defendants' negligence and/or recklessness, Plaintiff has and will likely, in the future, be caused to incur medical expenses.

47. That Plaintiff is informed and believes that he is entitled to ACTUAL and CONSEQUENTIAL DAMAGES in an amount that would adequately compensate him for his injuries and damages.

**FOR A SECOND CAUSE OF ACTION**
**AS TO DEFENDANTS GREENWOOD COUNTY AND GREENWOOD COUNTY SHERIFF'S OFFICE**
**Negligent Supervision/Negligent Hiring/Negligent Training/Negligent Retention**

48. That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

49. That Defendants were acting under the color or pretense of State law, customs, practices, usage, or policy at all times mentioned herein by employing agents, supervisors, or other such personnel and/or employees and had certain duties imposed upon them with regard to Plaintiff.

50. That Plaintiff is informed and believes that Defendants, through the negligent, reckless, wanton, outrageous, and grossly negligent conduct of their employees, are further

negligent, willful, careless, reckless, and grossly negligent in one or more of the following particulars:

a) In failing to exercise the degree of care that a reasonable employer would have exercised under the same or similar circumstances;

b) In failing to conduct a proper and adequate background search or review of its employees before and after hiring, including review of knowledge regarding the limitations of field drug tests;

c) In failing to monitor the conduct of its employees and to take appropriate steps to discipline and/or terminate them subsequent to the commission of negligent, outrageous, willful, wanton, reckless, grossly negligent, and/or unlawful acts;

d) In failing to properly supervise its employees;

e) In failing to have in place adequate policies and procedures to monitor its employees, and if such policies and procedures were in place, in failing to enforce them;

f) In failing to have in place adequate policies and procedures to mandate compliance by its employees with state and federal guidelines, statutes, laws, and regulations, particularly regarding the use of field drug tests as the sole basis for arrest; and

g) In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

51. That all of which were the direct and proximate cause of the damages suffered by the Plaintiff herein, said acts being in violation of the laws of the State of South Carolina.

52. That Plaintiff's injuries were of such nature as to require him to expend monies, to receive additional medical attention, and to require medical necessities.

53. That Plaintiff has suffered and will continue to suffer physical pain, humiliation, mental anguish, emotional distress, medical expenses, wage loss, and loss of enjoyment of life.

54. That Plaintiff is informed and believes that he is entitled to ACTUAL and CONSEQUENTIAL DAMAGES in an amount that would adequately compensate him for his injuries and damages.

**FOR A THIRD CAUSE OF ACTION**
**AS TO DEFENDANTS GREENWOOD COUNTY AND GREENWOOD COUNTY SHERIFF'S OFFICE**
**State Law False Imprisonment and Malicious Prosecution**

55. That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

56. That Defendants were acting under the color or pretense of State law, customs, practices, usage, or policy at all times mentioned herein by employing agents, supervisors, or other such personnel and/or employees and had certain duties imposed upon them with regard to Plaintiff.

57. That Greenwood County operates the Greenwood County Sheriff's Office, and that officers and/or agents of the Greenwood County Sheriff's Office did arrest Plaintiff without probable cause on May 15, 2024, based solely on a field drug test known to be unreliable, notwithstanding contemporaneous evidence confirming the pills were legal prescription medication.

58. That on or about May 15-16, 2024, Plaintiff was arrested by Deputies Keener and McClinton, and warrant affidavits were submitted by Officer Freeman to Magistrate Cheryl Warren, who issued three warrants. Plaintiff was confined in the Greenwood County Detention Center for fifteen (15) days and subsequently placed on house arrest for approximately seven (7) months.

59. That all three criminal charges were dismissed following receipt of the SLED laboratory report confirming that all items tested were Dicyclomine, a legal prescription medication.

60. That the wrongful arrest and false imprisonment of Plaintiff resulted in his confinement at the Greenwood County Detention Center, his placement on home confinement, the effective destruction of his employment, and the forced separation from the sobriety support network that had sustained fourteen months of recovery.

61. That Defendants initiated the criminal proceedings against Plaintiff and maliciously prosecuted criminal proceedings against Plaintiff from the date of his arrest in May 2024 until the dismissal of charges in approximately October 2025.

62. That Plaintiff brings this cause of action against Defendants for their wrongful acts.

63. That Defendants, through their officers, agents, and/or employees, were negligent, reckless, willful, and wanton, in one or more of the following particulars:

a) In arresting Plaintiff without probable cause;

b) In falsely arresting Plaintiff;

c) In arresting Plaintiff without evidence, notwithstanding the exculpatory pill imprint identification and prescription label;

d) In ordering an arrest when the prescription label, pill markings, and deputies' own internet search established that the pills were legal Dicyclomine;

e) In violating established precedent and in arresting Plaintiff without probable cause;

f) In failing to take the degree of skill and care which a reasonable and/or prudent person would have done under the same or similar circumstances;

g) In arresting Plaintiff without proof and based solely on a notoriously unreliable field test result; and

h) In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

64. That as a direct and proximate result of Defendants' negligent and/or reckless acts, Plaintiff suffered injuries and damages as further described herein.

65. That as a direct and proximate result of Defendants' negligent and/or reckless acts, Plaintiff suffered severe emotional distress/mental anguish that no reasonable person should expect to endure.

66. That Plaintiff's emotional distress/mental anguish was of such nature as to require him to expend monies, to receive additional medical attention, and to require medical necessities.

67. That Plaintiff has suffered and will continue to suffer physical pain, humiliation, mental anguish, emotional distress, medical expenses, wage loss, and loss of enjoyment of life.

68. That Plaintiff is informed and believes that he is entitled to ACTUAL, and CONSEQUENTIAL in an amount that would adequately compensate him for his severe emotional distress/mental anguish, injuries, and damages.

**FOR A FOURTH CAUSE OF ACTION**
**AS TO DEFENDANTS DEPUTY KEENER AND DEPUTY McCLINTON**
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**
**Unreasonable Search and Seizure/False Arrest — Fourth Amendment**

69. That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

70. That during the time period in question, Defendants Deputy Keener and Deputy McClinton were acting under the color or pretense of State law, customs, practices, usage, or policy as sworn deputies with the Greenwood County Sheriff's Office and had certain duties imposed upon them with regard to Plaintiff.

71. That during the time period in question, Defendants Deputy Keener and Deputy McClinton were well aware of Plaintiff's constitutional rights, including his constitutional right protected by the Fourth Amendment to the United States Constitution to remain free from unreasonable searches and seizures.

72. Courts have consistently recognized the right to remain free from unreasonable searches and seizures at the hands of the state to be one of the fundamental rights protected by the United States Constitution. The above set forth facts show that Defendants Deputy Keener and Deputy McClinton subjected Plaintiff to an unreasonable seizure and false arrest when they arrested and detained him for alleged criminal offenses without probable cause, notwithstanding that: (a) Plaintiff's prescription pill bottle bearing his name and identifying the medication as Dicyclomine was in plain view; (b) the individual pill imprints (LAN 1282 and Lannett 0586) were clearly embossed on each pill; and (c) Deputy McClinton's own cell phone search during the stop confirmed the pills were Dicyclomine, a legal non-controlled substance. The decision to arrest Plaintiff based solely on an unreliable colorimetric field test while ignoring this confirmatory pharmaceutical evidence was objectively unreasonable and lacked probable cause.

73. That Defendants Deputy Keener's and Deputy McClinton's intentional, reckless, willful, and wanton actions described herein were, in fact, the direct and proximate cause of Plaintiff's resulting damages and harms.

74. As a direct and proximate cause of Defendants Deputy Keener's and Deputy McClinton's conduct, Plaintiff has been injured and damaged in that he has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to economic loss and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred attorney's fees and medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of his life, thereby entitling him to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

**FOR A FIFTH CAUSE OF ACTION**
**AS TO DEFENDANTS DEPUTY KEENER, DEPUTY McCLINTON, AND OFFICER FREEMAN**
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983**
**Malicious Prosecution/Prosecution Without Probable Cause — Fourth Amendment**

75. That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

76. That during the time period in question, Plaintiff had the right under the Fourth Amendment to not be prosecuted without probable cause. *See Thompson v. Clark*, 596 U.S. 36 (2022); *Durham v. Horner*, 690 F.3d 183 (4th Cir. 2012).

77. That during the time period in question, Defendants Deputy Keener, Deputy McClinton, and Officer Freeman were well aware that probable cause did not exist to arrest and prosecute Plaintiff, yet intentionally, recklessly, and with malice caused Plaintiff to be arrested, held in jail, placed on home confinement, and prosecuted for over sixteen months.

78. Defendants knew that the arrest of Plaintiff was not supported by probable cause because: (a) Plaintiff produced a valid prescription bottle bearing his name and identifying the contents as Dicyclomine; (b) Deputy McClinton conducted an internet search at the scene that confirmed the pills were legal Dicyclomine; (c) the pills bore clear pharmaceutical imprints consistent with commercially manufactured pharmaceutical products; and (d) the SLED laboratory ultimately confirmed all items were exclusively Dicyclomine.

79. That Defendant Officer Freeman submitted warrant affidavits to the magistrate that contained false statements — characterizing the pills as "poorly made" and "clandestinely manufactured" — and omitted the material exculpatory fact that the pill markings had been confirmed by Deputy McClinton's own internet search as legitimate Dicyclomine. These

omissions and misrepresentations, made recklessly or deliberately, rendered the warrants constitutionally invalid under Franks v. Delaware, 438 U.S. 154 (1978).

80. That Defendants failed to inform the Solicitor's office and the Court about the lack of probable cause in arresting and prosecuting Plaintiff and, upon information and belief, made false or misleading statements and material omissions in their statements to the Solicitor's office and the Court.

81. That as a direct and proximate cause of Defendants' actions and inactions, Plaintiff was arrested, charged with three felony counts — including trafficking fentanyl carrying a mandatory minimum of seven years — and prosecuted for over sixteen months without probable cause, in violation of his Fourth Amendment rights.

82. That all three charges stemming from Defendants' actions against Plaintiff were dismissed upon receipt of SLED laboratory confirmation that all items were legal prescription medication.

83. That as a direct and proximate cause of Defendants' actions and inactions, Plaintiff has been injured and damaged in that he has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to economic loss and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred expenses and medical bills, and will incur expenses and medical bills in the future; has been deprived of the enjoyment of his life, thereby entitling him to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

**FOR A SIXTH CAUSE OF ACTION**
**AS TO DEFENDANT SHERIFF DENNIS D. KELLY**
**Violation of Civil Rights Pursuant to 42 U.S.C. § 1983 — Supervisory Liability**

84. That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

85. That during the time period in question, Defendant Sheriff Dennis D. Kelly was the duly elected Sheriff of Greenwood County and the chief law enforcement officer and final policymaker of the Greenwood County Sheriff's Office. As such, he was the leader and commanding officer of Defendants Deputy Keener, Deputy McClinton, and Officer Freeman, and was ultimately responsible for their hiring, training, supervision, retention, and conduct.

86. That during the time period in question, Defendant Sheriff Kelly was acting under the color or pretense of State law, customs, practices, usage, or policy as the director and supervisor/commanding officer of the Greenwood County Sheriff's Office and had certain duties imposed upon him with regard to Plaintiff.

87. That during the time period in question, Defendant Sheriff Kelly was well aware of Plaintiff's constitutional rights, including his constitutional right protected by the Fourth Amendment to the United States Constitution to remain free from unreasonable searches and seizures, false arrest, and prosecution without probable cause.

88. That Defendant Sheriff Kelly, as the elected Sheriff and final policymaker for the Greenwood County Sheriff's Office, was responsible for establishing, implementing, and enforcing the policies, procedures, customs, and practices of the Sheriff's Office, including those governing the use of field drug tests, standards for probable cause determinations, and the

preparation of warrant affidavits. When enacting and implementing such policies, Defendant Sheriff Kelly was acting with the express authority of Greenwood County.

89. That upon information and belief, Defendant Sheriff Kelly possessed actual and/or constructive knowledge that the Greenwood County Sheriff's Office had a pattern and practice of relying on unreliable field drug tests as the sole basis for drug arrests, that this practice was creating a substantial risk of wrongful arrests of innocent citizens, and that deputies and officers were failing to include material exculpatory information in warrant affidavits. Defendant Sheriff Kelly possessed actual and/or constructive knowledge that these practices posed harm to citizens sworn to be protected, including Plaintiff.

90. That Defendant Sheriff Kelly, as the commanding officer of Deputies Keener and McClinton and Officer Freeman, possessed the power to prevent their unconstitutional actions. However, despite this ability, Defendant Sheriff Kelly failed to act and permitted the constitutional violations by consciously and intentionally failing to act, intervene, train, or supervise appropriately.

91. That all of the above-referenced failures are the responsibility of Defendant Sheriff Dennis D. Kelly, who was deliberately indifferent to his responsibility to train and supervise the Greenwood County Sheriff's Office deputies and officers, including Defendants Keener, McClinton, and Freeman.

92. As a direct and proximate result of the above-mentioned unconstitutional actions of Defendant Sheriff Dennis D. Kelly, Plaintiff has been injured and damaged in that he has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to unreasonable search and seizure, wrongful arrest, malicious prosecution, economic loss, physical and psychological injury; has endured and

will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of his life, thereby entitling him to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

## FOR A SEVENTH CAUSE OF ACTION
## AS TO DEFENDANTS GREENWOOD COUNTY AND GREENWOOD COUNTY SHERIFF'S OFFICE
## 42 U.S.C. § 1983 — Monell Liability

93. That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

94. Under the principles of municipal liability, Defendants Greenwood County and Greenwood County Sheriff's Office owed a duty to the public at large and to Plaintiff to implement policies, procedures, customs, and practices sufficient to prevent, deter, and avoid conduct by subordinates that violated the constitutional rights of citizens, including policies and practices governing the use of field drug tests as the sole basis for probable cause determinations and the preparation of accurate, complete warrant affidavits.

95. That at all times relevant herein, Defendants Greenwood County and Greenwood County Sheriff's Office were well aware of Plaintiff's constitutional rights, including his constitutional right protected by the Fourth Amendment to the United States Constitution to remain free from unreasonable searches and seizures, false arrest, and prosecution without probable cause.

96. Defendants Greenwood County and Greenwood County Sheriff's Office failure to implement and/or enforce policies, procedures, customs, and practices sufficient to prevent, deter, and avoid unconstitutional conduct by subordinates — specifically including the known unreliability of field drug tests and the constitutional requirements for complete and accurate

warrant affidavits — resulted in the harm and violation of the constitutional rights of Plaintiff as described herein. Defendants Greenwood County and Greenwood County Sheriff's Office custom or policy of authorizing arrests based solely on field drug test results, without requiring corroboration when contradictory pharmaceutical identification evidence is present, was the moving force behind the constitutional violations suffered by Plaintiff.

97. That notwithstanding its duty owed to the public at large and Plaintiff, Defendants Greenwood County and Greenwood County Sheriff's Office knowingly and intentionally breached said duty or was deliberately indifferent to said duty.

98. As a direct and proximate result of the above-mentioned unconstitutional actions of Defendants Greenwood County and Greenwood County Sheriff's Office, Plaintiff has been injured and damaged in that he has been deprived of the rights, privileges, and immunities afforded to the citizens of the State of South Carolina and the United States; has been subject to unreasonable search and seizure, wrongful arrest, malicious prosecution, economic loss, physical and psychological injury; has endured and will endure mental anguish and emotional distress; has incurred medical bills, and will incur medical bills in the future; has been deprived of the enjoyment of his life, thereby entitling him to an award of ACTUAL, CONSEQUENTIAL, PUNITIVE DAMAGES, costs, and reasonable attorney fees.

## RELIEF REQUESTED

99. That Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

100. WHEREFORE, Plaintiff demands a trial by jury as provided for in the Seventh Amendment to the Constitution of the United States of America and prays for judgment against the Defendants both jointly and in combination as follows:

a) Actual damages on all causes of action;

b) Incidental damages on all causes of action;

c) Consequential damages on all causes of action;

d) Punitive damages on the FOURTH, FIFTH, SIXTH, and SEVENTH, and causes of action;

e) For reasonable attorney's fees and the costs and expenses of this action pursuant to 28 U.S.C. § 1988; and

f) For such other and further relief as the court may deem just and proper.

Respectfully submitted,

s/Tyler D. Bailey
Federal ID #12294
BAILEY LAW FIRM, L.L.C.
1430 Richland Street (29201)
P.O. Box 532
Columbia, South Carolina 29202
Telephone: (803) 667-9716
Facsimile: 1-803-526-7642
Email: tyler@baileylawfirmsc.com

Columbia, South Carolina