**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**GREENWOOD DIVISION**

| | |
|---|---|
| Bryan Joseph Getchius,<br><br>Plaintiff,<br><br>v.<br><br>Greenwood County, Greenwood County Sheriff's Office, Dennis D. Kelly, in his individual capacity, David Byron Keener, III, in his individual capacity, Wesley McClinton, in his individual capacity and James Travis Freeman, in his individual capacity,<br><br>Defendants. | C/A #: 8:26-cv-01033-JDA-KDW<br><br>**ANSWER ON BEHALF OF DEFENDANT GREENWOOD COUNTY**<br>**(Jury Trial Requested)** |

The Defendant, Greenwood County, answers the Complaint of the Plaintiff as follows:

**FOR A FIRST DEFENSE**

1. The Summons and Complaint fail to state a claim upon which relief can be granted. This Defendant reserves the right to file a motion pursuant to Rule 12(b)(6), FRCP.

**FOR A SECOND DEFENSE**

2. This Defendant denies each and every allegation of the Plaintiff's Complaint not hereinafter specifically admitted.

3. Paragraph 1 makes no factual allegations and should be stricken from the Complaint as it does not comply with Rule 8, FRCP. To the extent Plaintiff intended to assert factual allegations, they are denied.

4. As to the allegations in Paragraph 2 of the Complaint, this Defendant asserts that it does not employ the Sheriff's Deputies and has no knowledge of this matter as the County was not involved. Therefore, the allegations of Paragraph 2 are denied.

5. As to Paragraph 3, the Defendant admits that Greenwood County is a political subdivision of the State of South Carolina. That does not render Greenwood County a proper party to this litigation.

6. Paragraph 4 is denied.

7. Paragraph 5 is denied.

8. As to Paragraph 6, this Defendant admits upon information and belief only that Sheriff Dennis Kelly is a constitutional officer of the State of South Carolina and the duly elected Sheriff in Greenwood County.

9. As to Paragraph 7, this Defendant admits upon information and belief that Deputy Keener was employed as a law enforcement officer by the Sheriff. Any remaining factual allegations are denied. This Defendant craves reference to the laws of the State of South Carolina as the best evidence of the Sheriff's responsibilities. The Sheriff is not an employee or agent of Greenwood County.

10. As to Paragraph 8, this Defendant admits upon information and belief that Deputy McClinton was employed as a law enforcement officer by the Sheriff. Any remaining factual allegations are denied.

11. As to Paragraph 9, this Defendant admits upon information and belief that Officer James Travis Freeman was employed as a law enforcement officer by the Sheriff. Any remaining factual allegations are denied.

12. Paragraph 10 asserts legal conclusions only which require no response. To the extent Plaintiff intended to assert factual allegations, they are denied. This Defendant further denies that this court has jurisdiction over it.

13. As to Paragraph 11, this Defendants does not contest venue in the Greenwood Division.

14. As to Paragraph 12, this Defendants incorporates and re-iterates each and every response and affirmative defense contained in this Answer as if fully repeated verbatim here.

15. Paragraph 13 is denied as stated. By way of explanation, this Defendant admits only that these Deputies were employed by the Sheriff pursuant to South Carolina law.

16. Paragraph 14 is denied as to any involvement by the County.

17. As to Paragraph 15, this Defendant denies that the deputies were within the course and scope of any employment with Greenwood County because they are not employees of Greenwood County

18. Paragraphs 16 and 17 are denied insofar as they relate to Greenwood County and lack sufficient information to form a belief as to the truth and accuracy of these allegations as they relate to any other entity or employer.

19. As to Paragraph 18, this Defendant denies all allegations insofar as they relate to Greenwood County and lacks sufficient information to form a belief as to the truth and veracity of those allegations insofar as they relate to other Defendants.

20. Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 and 37 are denied insofar as they are intended to assert allegations against Greenwood County. This Defendant lacks sufficient information to form a belief as to the truth and veracity of those allegations insofar as they relate to other Defendants.

21. Paragraphs 38, 39 and 40 are denied.

22. As to Paragraph 41, this Defendant craves reference to each and every response and affirmative defense set forth in this Answer as if fully restated verbatim here.

23. Paragraphs 42, 43, 44, 45, 46 and 47 are denied.

24. As to Paragraph 48, this Defendant craves reference to each and every response and affirmative defense set forth in this Answer as if fully restated verbatim here.

25. Paragraph 49 states legal conclusions. Any factual allegations are denied.

26. Paragraphs 50, 51, 52, 53 and 54 are denied.

27. As to Paragraph 55, this Defendant craves reference to each and every response and affirmative defense set forth in this Answer as if fully restated verbatim here.

28. Paragraph 56 states legal conclusions which require no response. To the extent Plaintiff intended to assert factual allegations, they are denied. Greenwood County denies employing Sheriff's Deputies.

29. Paragraph 57 is denied.

30. As to Paragraph 58, this Defendant admit that Plaintiff was arrested and warrants were obtained. As to the remaining allegations, this Defendant craves reference to the official records as the best evidence of the proceedings and deny anything inconsistent with the official records.

31. Paragraphs 59, 60, 61, 62, 63, 64, 65, 66, 67 and 68 are denied.

32. As to Paragraph 69, this Defendant craves reference to each and every response and affirmative defense set forth in this Answer as if fully restated verbatim here.

33. Paragraphs 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, and 83 assert allegations against other Defendants and do not require any response from this Defendant. To the extent a response is required, those allegations are denied.

34. As to Paragraph 84, this Defendant craves reference to each and every response and affirmative defense set forth in this Answer as if fully restated verbatim here.

35. As to Paragraph 85, this Defendant admits only that the Sheriff is a constitutional Officer of the State of South Carolina whose duties are set out by statute. This Defendant craves reference to the statutory duties as the best evidence of the Sheriff's duties. This Defendant further admits that Sheriff Dennis D. Kelly was the duly elected Sheriff in Greenwood County. Any remaining allegations and any allegations inconsistent with the Sheriff's statutory duties are denied.

36. Paragraph 86 asserts legal conclusions which require no response. To the extent Plaintiff intended to assert factual allegations upon which liability is based, they are denied.

37. Paragraphs 87 asserts allegations against the Sheriff only. Greenwood County does not employ the Sheriff and no response is necessary from Greenwood County. To the extent Plaintiff intended to assert claim against Greenwood County, they are denied.

38. Paragraph 88 asserts legal conclusions as to the Sheriff's duties and therefore requires no response. This Defendant craves reference to the laws of the State of South Carolina as the best evidence of the Sheriff's Duties. To the extent Plaintiff intended to assert factual allegations upon which liability is based, they are denied. Greenwood County denies that the Sheriff acts with the express authority of Greenwood County.

39. Paragraphs, 89, 90, 91 and 92 are denied.

40. As to Paragraph 93, this Defendant craves reference to each and every response and affirmative defense set forth in this Answer as if fully restated verbatim here.

41. Paragraph 94 is denied.

42. Paragraphs 95, 96, 97 and 98 are denied insofar as they are intended to relate to Greenwood County as Greenwood County does not employ the Sheriff or his deputies.

43. Paragraph 99 makes no allegation and requires no response. To the extent Plaintiff intended to incorporate factual allegations upon which liability is based, those allegations are denied. This Defendant also incorporates each of the responses and affirmative defenses contained herein as if fully stated verbatim here.

44. As to the Prayer for Relief at Paragraph 100, this Defendant denies that the Plaintiff is entitled to any relief and to the relief requested.

**FOR A THIRD DEFENSE**

45. This Defendant at no time violated any clearly established constitutional rights which were known or should have been known to it, and therefore, it is entitled to immunity.

**FOR A FOURTH DEFENSE**

46. The actions of this Defendant were objectively reasonable in light of the existing law, and therefore, it is entitled to immunity.

**FOR A FIFTH DEFENSE**

47. That this Defendant would show that an award of punitive damages violates the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 3, of the South Carolina Constitution in that:

(a) The judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

(b) Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

(c) Any award of punitive damages based upon the wealth of this Defendant violates due process guarantees;

(d) The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

(e) Even if it could be argued that the standard covering the imposition of punitive damages exists, the standard is void for vagueness; and

(f) The Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of this Defendant.

In addition, the Plaintiff's claim for punitive damages violates the Federal Doctrine of Separation of Powers and Article I, Section 8, of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.

**FOR A SIXTH DEFENSE**

48. This Defendant alleges that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in one or more of the following particulars:

(a) That the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of a meaningful standard and is inconsistent with due process guarantees.

(b) That, even if a standard governing the award of punitive damages does exist, this standard is void for vagueness.

(c) That the amount of punitive damages awarded is based upon the wealth of this Defendant in violation of their right to equal protection of the laws.

**FOR A SEVENTH DEFENSE**

49. This Defendant alleges and asserts that, at all times pertinent, it was a governmental entity performing discretionary functions, if any, that at no time did it violate any clearly

established constitutional, statutory or other legal rights of the Plaintiff, which were known to or should have been known to it, or to a reasonable person or police officer, that this Defendant's conduct was within objective legal reasonableness, and therefore, this Defendant is entitled to immunity or qualified immunity from liability to or suit by the Plaintiff.

**FOR AN EIGHTH DEFENSE**

50. This Defendant denies there was any involvement by any of its employees or agents in this matter. However, to the extent Plaintiff alleges its employees were involved, this Defendant alleges and asserts that, at all times pertinent, it employees, if any, acted within the course, scope and authority of their official duties, acting pursuant to lawful authority, acting in the good faith performance of his duties, were acting without malice and in the exercise of due care, and that their actions were, at all times, lawful, reasonable and justified under the circumstances.

**FOR A NINTH DEFENSE**

51. Plaintiff's claims are barred, in whole or in part, by the public duty rule.

**FOR A TENTH DEFENSE**

52. This Defendant asserts absolute and/or qualified privilege as a defense and a bar to one or more of the Plaintiff's claims.

**FOR AN ELEVENTH DEFENSE**

53. This Defendant alleges and asserts that any actions by the Deputies with regard to their duties were lawful and justified under the circumstances which acts as a bar to Plaintiff's Complaint against this Defendant.

**FOR A TWELFTH DEFENSE**

54. This Defendant alleges and asserts upon information and belief, that the Deputies involved were not employed by this Defendant, that they acted with lawful justification and reasonable suspicion/probable cause and that, accordingly, there was no illegal seizure of his

person and no deprivation of his constitutional rights – and no deprivation of rights by this Defendant.

**FOR A THIRTEENTH DEFENSE**

55. This Defendant alleges and asserts that the actions of Plaintiff were voluntary and intentional on his part and were made or taken by him with knowledge of the risk of injury or harm, and by reason of which, this Defendant pleads assumption of risk and/or *volenti non fit injuria*. His actions also were the proximate cause of his damage, all of which acts as a bar to this action.

**FOR A FOURTEENTH DEFENSE**

56. Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution as the County is entitled to absolute immunity in this court.

**FOR A FIFTEENTH DEFENSE**

57. Greenwood County is entitled to be dismissed from this matter as the Sheriff and his Deputies are not employees of Greenwood County.

**FOR A SIXTEENTH DEFENSE**

58. There is no suable entity known as the Greenwood County Sheriff's Office and that Defendant is entitled to be dismissed as a matter of law.

**FOR A SEVENTEENTH DEFENSE**

59 Plaintiffs claims for false imprisonment fail as a matter of law in that probable cause existed for Plaintiff's arrest.

**FOR AN EIGHTEENTH DEFENSE**

60. Plaintiff's claim for malicious prosecution fails as a matter of state law as immunity under the South Carolina Tort Claims Act applies, in that this Defendant is immune from suit for the institution of a judicial proceeding and from actions involving actual malice as an element.

**FOR A NINETEENTH DEFENSE**

61. This Defendant is entitled to the protections, conditions, limitations and immunities preserved and afforded by the South Carolina Tort Claims Act as a defense in whole on in part to Plaintiff's claims.

**FOR A TWENTIETH DEFENSE**

62. This Defendant is entitled to sovereign immunity as a bar to Plaintiff's claims in whole or in part.

**FOR A TWENTY-FIRST DEFENSE**

63. Plaintiff's claims are barred in whole or in part but the public duty rule.

**FOR A TWENTY-SECOND DEFENSE**

64. This Defendant is entitled to immunity pursuant to the South Carolina Tort Claims Act as a bar to Plaintiff's claims.

**FOR A TWENTY-THIRD DEFENSE**

65. The Plaintiff was arrested pursuant and served with a valid arrest warrant that was legally procured, and therefore, his claims must be dismissed.

**FOR A TWENTY-FOURTH DEFENSE**

66. This Defendant alleges upon information and belief that at all times its employees were acting in good faith and within the course and scope of their employment and official duties, and therefore, this Defendant is immune from suit.

**FOR A TWENTY-FIFTH DEFENSE**

67. This Defendant's employees, if any, at no time violated any clearly established constitutional rights which were known or should have been known to them, and therefore, this Defendant is entitled to immunity.

**FOR A TWENTY-SIXTH DEFENSE**

68. The actions of this Defendant's employees, if any, were objectively reasonable in light of the existing law, and therefore, they are entitled to immunity.

**FOR A TWENTY-SEVENTH DEFENSE**

69. There is no suable entity known as the Greenwood County Sheriff's Department. Therefore, this Defendant should be dismissed from this action.

**FOR A TWENTY-EIGHTH DEFENSE**

70. This Defendant is immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-40.

**FOR A TWENTY-NINTH DEFENSE**

71. This Defendant is immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-50.

**FOR A THIRTIETH DEFENSE**

72. This Defendant is immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-60 (1), (2), (3), (4), (5), (6), (17), (20), (23) and (25).

**FOR A THIRTY-FIRST DEFENSE**

73. This Defendant is entitled to the protections of the limitations on recovery contained in the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-120.

**FOR A THIRTY-SECOND DEFENSE**

74. This Defendant is immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-100.

**FOR A THIRTY-THIRD DEFENSE**

75. This Defendant pleads justification as a bar in whole or in part to Plaintiff's claims.

**FOR A THIRTY-FOURTH DEFENSE**

76. This Defendant alleges that all actions were a reasonable use of police power, and therefore, Plaintiff's claims are barred as a matter of law.

**FOR A THIRTY-FIFTH DEFENSE**

77. This Defendant alleges that the actions of their employees, if any, with respect to the Plaintiff were, at all times, a proper exercise of their authority and/or duty, were authorized by law, were taken or made in good faith with probable cause, without malice, in the exercise of the due care and were reasonable and justified under the circumstances.

**FOR A THIRTY-SIXTH DEFENSE**

78. Plaintiff fails to state a claim for which relief may be granted on his cause of action for negligence as this Defendant at all times acted reasonably and in good faith in the exercise of their legal rights and at no time did they intentionally, consciously fail to do something that was incumbent upon them to do, nor did they intentionally do a thing they ought not do. Furthermore, as this Defendant at no time breached any duty to the Plaintiff, Plaintiff cannot establish that this Defendant failed to exercise even slight care. As such, Plaintiff's cause of action for gross negligence should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

**FOR A THIRTY-SEVENTH DEFENSE**

79. Jurisdiction for actions under the South Carolina Tort Claims is vested in the circuit court in the State of South Carolina and not in this court. The state law tort claims are governed by the Tort Claims Act and must be dismissed.

WHEREFORE, having fully answered the Complaint of the Plaintiff, the Defendant, Greenwood County, prays that the Complaint be dismissed with prejudice, for the costs of this action and for such other and further relief as the Court deems just and proper.

**GARFIELD SPREEUWERS LAW GROUP**

By: *s/ David L. Morrison*

David L. Morrison (Fed. #3581)
1220 Pickens Street
Columbia, South Carolina 29201
Phone: (803) 830-5496
E-mail: david@gslawsc.com

***Attorney for Defendants***

Columbia, South Carolina

April 27, 2026