**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**GREENWOOD DIVISION**

| | | |
|---|---|---|
| Bryan Joseph Getchius,<br><br>Plaintiff,<br><br>v.<br><br>Greenwood County, Greenwood County Sheriff's Office, Dennis D. Kelly, in his individual capacity, David Byron Keener, III, in his individual capacity, Wesley McClinton, in his individual capacity and James Travis Freeman, in his individual capacity,<br><br>Defendants. | ) | C/A #: 8:26-cv-01033-JDA-KDW<br><br>**ANSWER ON BEHALF OF DEFENDANTS KEENER, MCCLINTON AND FREEMAN IN THEIR INDIVIDUAL CAPACITIES (Jury Trial Requested)** |

The Defendants, David Bryon Keener, III, Wesley McClinton and James Travis Freeman, in their individual capacities, answer the Complaint of the Plaintiff as follows:

**<u>FOR A FIRST DEFENSE</u>**

1. The Summons and Complaint fail to state a claim upon which relief can be granted. These Defendants reserve the right to file a motion pursuant to Rule 12(b)(6), FRCP.

**<u>FOR A SECOND DEFENSE</u>**

2. These Defendants deny each and every allegation of the Plaintiff's Complaint not hereinafter specifically admitted.

3. Paragraph 1 makes no factual allegations and should be stricken from the Complaint as it does not comply with Rule 8, FRCP. To the extent Plaintiff intended to assert factual allegations, they are denied.

4. As to the allegations in Paragraph 2 of the Complaint, these Defendants assert that at all times, they had a valid and reasonable belief based upon the facts known, that Plaintiff was in possession of an unlawful substance. As to the remaining allegations, these Defendants lack sufficient information upon which to form a belief as to the truth and veracity of those allegations and therefore deny those allegations and demand strict proof thereof.

5. As to Paragraph 3, these Defendants admit that Greenwood County is a political subdivision of the State of South Carolina. That does not render Greenwood County a proper party to this litigation. These Defendants are not employed by Greenville County.

6. Paragraph 4 is denied.

7. As to Paragraph 5, these Defendants admit only that Greenwood County Sheriff operates by and through its agents, servants and/or employees and that these Defendants were employees of the Office of Sheriff.

8. As to Paragraph 6, these Defendants admit that Sheriff Dennis Kelly was a constitutional officer of the State of South Carolina and the duly elected Sheriff in Greenwood County. As such, he is the Chief policymaker for the Office of Sheriff and exercises oversight of the Sheriff's office. Sheriff Kelly denies that he or his office violated any state or federal laws regarding the Plaintiff or that he or his office has any liability to the Plaintiff.

9. As to Paragraph 7, these Defendants admit upon information and belief that Deputy Keener was employed as a law enforcement officer by the Sheriff. Any remaining factual allegations are denied.

10. As to Paragraph 8, these Defendants admit upon information and belief that Deputy McClinton was employed as a law enforcement officer by the Sheriff. Any remaining factual allegations are denied.

11. As to Paragraph 9, these Defendants admit upon information and belief that Officer James Travis Freeman was employed as a law enforcement officer by the Sheriff. Any remaining factual allegations are denied.

12. Paragraph 10 asserts legal conclusions only which require no response. To the extent Plaintiff intended to assert factual allegations, they are denied. These Defendants further deny that this court has jurisdiction over them.

13. As to Paragraph 11, these Defendants do not contest venue in the Greenwood Division.

14. As to Paragraph 12, these Defendants incorporate and re-iterate each and every response and affirmative defense contained in this Answer as if fully repeated verbatim here.

15. Paragraph 13 is denied as stated. By way of explanation, these Defendants admit only that these Deputies were employed by the Sheriff pursuant to South Carolina law.

16. Paragraph 14 is denied.

17. As to Paragraph 15, these Defendants admit that only that they were acting under color of law and within the course and scope of their employment.

18. Paragraphs 16 and 17 are denied as stated.

19. As to Paragraph 18, these Defendants admit only that Plaintiff was operating a silver Camry in Greenwood County on the date of this incident. As to the remaining allegations, these Defendants lack sufficient information to form a belief as to the truth and veracity of those allegations, and therefore, denies those allegations.

20. As to Paragraph 19, these Defendants admit that they were acting under color of law and within the course and scope of their duties as law enforcement officers.

21. As to Paragraph 20, these Defendants admit that Plaintiff was lawfully stopped for a traffic violation at or near Emily's Buffet restaurant, and that during the stop he admitted that his driver's license was suspended. Any remaining allegations are denied.

22. As to Paragraph 21, these Defendants admit that a vehicle search was properly conducted and deny the remaining allegations.

23. As to Paragraph 22, these Defendants admit only that Deputies discovered a prescription bottle with Plaintiff's name containing pills which appeared to be counterfeit and which field tested as positive for illegal substances. Any remaining allegations are denied.

24. As to Paragraph 23, these Defendants crave reference to the body cam itself as the best evidence of its contents and deny any allegations in this paragraph inconsistent with the contents of the body cam. These Defendants specifically deny that the cell phone search determined that the pills were not counterfeit. All remaining allegations are denied.

25. As to Paragraph 24, these Defendants admit only that a field test was conducted that determined the pills were illegal. The remaining allegations are denied.

26. Paragraphs 25 and 26 are denied as stated.

27. As to Paragraph 27, these Defendants admit that Plaintiff was arrested and transported to the Detention center, that personal property was taken as required and allowed by law before booking into the Detention Center and that a search of the vehicle was conducted. Any other allegations are denied.

28. As to Paragraph 28, these Defendants admit upon present information and belief that a test was conducted on another pill which rendered a positive result for another substance. A charge was asserted for possession of that substance too. Any further allegations are denied.

29. As to Paragraph 29, these Defendants crave reference to the documents themselves as the best evidence of their content and anything inconsistent with the documents is denied.

30. Paragraphs 30, 31 and 32 are denied.

31. As to Paragraph 33, these Defendants crave reference to the official records themselves as the best evidence of their content and deny anything inconsistent therewith.

32. As to Paragraph 34, these Defendants lack sufficient information upon which to form a belief as to the truth and veracity of those claims and therefore denies those claims and demands strict proof thereof.

33. Paragraph 35 is denied as stated.

34. As to Paragraphs 36 and 37, these Defendants lack sufficient information upon which to form a belief as to the truth and veracity of those allegations. Therefore, those allegations are denied.

35. Paragraph 38 asserts legal conclusions which require no response. Any factual allegations are denied.

36. Paragraphs 39 and 40 are denied.

37. As to Paragraph 41, these Defendants crave reference to each and every response and affirmative defense set forth in this Answer as if fully restated verbatim here.

38. Paragraph 42 sets forth legal conclusions which require no response. To the extent Plaintiff intended to assert factual allegations, they are denied.

39. Paragraphs 43, 44, 45, 46 and 47 are denied.

40. As to Paragraph 48, these Defendants crave reference to each and every response and affirmative defense set forth in this Answer as if fully restated verbatim here.

41. Paragraph 49 states legal conclusions. Any factual allegations are denied.

42. Paragraphs 50, 51, 52, 53 and 54 are denied.

43. As to Paragraph 55, these Defendants crave reference to each and every response and affirmative defense set forth in this Answer as if fully restated verbatim here.

44. Paragraph 56 states legal conclusions which require no response. To the extent Plaintiff intended to assert factual allegations, they are denied.

45. Paragraph 57 is denied.

46. As to Paragraph 58, these Defendants admit that Plaintiff was arrested and warrants were obtained. As to the remaining allegations, these Defendants crave reference to the official records as the best evidence of the proceedings and deny anything inconsistent with the official records.

47. As to Paragraph 59, these Defendants admit only, upon present information and belief, that the charges were subsequently dismissed.

48. Paragraphs 60, 61, 62, 63, 64, 65, 66, 67 and 68 are denied.

49. As to Paragraph 69, these Defendants crave reference to each and every response and affirmative defense set forth in this Answer as if fully restated verbatim here.

50. As to Paragraph 70, these Defendants admit that they were acting under color of law. The remaining allegations are legal conclusions which require no response. To the extent Plaintiff intended to assert factual allegations, they are denied.

51. Paragraph 71 asserts legal conclusions. These Defendants admit that they had been properly trained and certified as law enforcement officers and are aware of citizen's constitutional rights. Any remaining allegations are denied.

52. Paragraph 72 asserts legal conclusions. Any factual allegations in that Paragraph are denied.

53. Paragraphs 73 and 74 are denied.

54. As to Paragraph 75, these Defendants crave reference to each and every response and affirmative defense set forth in this Answer as if fully restated verbatim here.

55. Paragraph 76 states legal conclusions which require no response.

56. Paragraphs 77, 78, 79, 80 and 81are denied.

57. As to Paragraph 82, these Defendants admit, upon information and belief, that the charges were dismissed.

58. Paragraph 83 is denied.

59. As to Paragraph 84, these Defendants crave reference to each and every response and affirmative defense set forth in this Answer as if fully restated verbatim here

60. As to Paragraph 85, these Defendants admit only that the Sheriff is a constitutional Officer of the State of South Carolina whose duties are set out by statute. These Defendants crave reference to the statutory duties as the best evidence of the Sheriff's duties. These Defendants further admit that Sheriff Dennis D. Kelly was the duly elected Sheriff in Greenwood County. Any remaining allegations and any allegations inconsistent with the Sheriff's statutory duties are denied.

61. Paragraph 86 asserts legal conclusions which require no response. To the extent Plaintiff intended to assert factual allegations upon which liability is based, they are denied.

62. Paragraphs 87 asserts allegations against the Sheriff only and requires no response from these Defendants. These Defendants assert upon information and belief, that the Sheriff is

properly trained and certified as a law enforcement officer by the State of South Carolina and is aware of the rights under the Fourth Amendment.

63. Paragraph 88 asserts legal conclusions as to the Sheriff's duties and therefore requires no response. These Defendants crave reference to the laws of the State of South Carolina as the best evidence of the Sheriff's Duties. To the extent Plaintiff intended to assert factual allegations upon which liability is based, they are denied. These Defendants deny that the Sheriff acts with the express authority of Greenwood County.

64. Paragraphs, 89, 90, 91 and 92 are denied.

65. As to Paragraph 93, these Defendants crave reference to each and every response and affirmative defense set forth in this Answer as if fully restated verbatim here.

66. Paragraph 94 is denied.

67. As to Paragraph 95, these Defendants assert only that they believe that the Sheriff is aware of a citizen's Fourth Amendment rights by virtue of his training, experience and position. These Defendants deny that any such rights were violated here.

68. Paragraphs 96, 97 and 98 are denied.

69. Paragraph 99 makes no allegation and requires no response. To the extent Plaintiff intended to incorporate factual allegations upon which liability is based, those allegations are denied. These Defendants also incorporate each of the responses and affirmative defenses contained herein as if fully stated verbatim here.

70. As to the Prayer for Relief at Paragraph 100, these Defendants deny that the Plaintiff is entitled to any relief and to the relief requested.

## FOR A THIRD DEFENSE

71. These Defendants at no time violated any clearly established constitutional rights

which were known or should have been known to them, and therefore, they are entitled to immunity.

**FOR A FOURTH DEFENSE**

72. The actions of these Defendants were objectively reasonable in light of the existing law, and therefore, they are entitled to immunity.

**FOR A FIFTH DEFENSE**

73. That these Defendants would show that an award of punitive damages violates the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 3, of the South Carolina Constitution in that:

(a) The judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice or caprice is inconsistent with due process guarantees;

(b) Any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

(c) Any award of punitive damages based upon the wealth of these Defendants violates due process guarantees;

(d) The jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

(e) Even if it could be argued that the standard covering the imposition of punitive damages exists, the standard is void for vagueness; and

(f) The Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of

the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of these Defendants.

In addition, the Plaintiff's claim for punitive damages violates the Federal Doctrine of Separation of Powers and Article I, Section 8, of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.

**FOR A SIXTH DEFENSE**

74. These Defendants allege that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in one or more of the following particulars:

(a) That the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of a meaningful standard and is inconsistent with due process guarantees.

(b) That, even if a standard governing the award of punitive damages does exist, this standard is void for vagueness.

(c) That the amount of punitive damages awarded is based upon the wealth of these Defendants in violation of their right to equal protection of the laws.

**FOR A SEVENTH DEFENSE**

75. These Defendants allege and assert that, at all times pertinent, they were performing discretionary functions, that at no time did they violate any clearly established constitutional, statutory or other legal rights of the Plaintiff, which were known to or should have been known to them, or to a reasonable person or police officer, that these Defendants' conduct

was within objective legal reasonableness, and therefore, these Defendants are entitled to immunity or qualified immunity from liability to or suit by the Plaintiff.

**FOR AN EIGHTH DEFENSE**

76. These Defendants allege and assert that, at all times pertinent, they were acting within the course, scope and authority of their official duties, acting pursuant to lawful authority, acting in the good faith performance of their duties, were acting without malice and in the exercise of due care, and that their actions were, at all times, lawful, reasonable and justified under the circumstances.

**FOR A NINTH DEFENSE**

77. Plaintiff's claims are barred, in whole or in part, by the public duty rule.

**FOR A TENTH DEFENSE**

78. These Defendants assert absolute and/or qualified privilege as a defense and a bar to one or more of the Plaintiff's claims.

**FOR AN ELEVENTH DEFENSE**

79. These Defendants allege and assert that any actions by the Deputies with regard to their duties were lawful and justified under the circumstances which acts as a bar to Plaintiff's complaint against these Defendants.

**FOR A TWELFTH DEFENSE**

80. These Defendants allege and assert that the Deputies involved acted with lawful justification and reasonable suspicion/probable cause and that, accordingly, there was no illegal attempted seizure of his person and no deprivation of his constitutional rights.

**FOR A THIRTEENTH DEFENSE**

81. These Defendants allege and assert that the actions of Plaintiff were voluntary and intentional on his part and were made or taken by him with knowledge of the risk of injury or harm, and by reason of which, these Defendant plead assumption of risk and/or *volenti non fit injuria*. His actions also were the proximate cause of his damage, all of which acts as a bar to this action.

**FOR A FOURTEENTH DEFENSE**

82. Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution as the Sheriff, officially and individually and the Deputies in their official capacities are entitled to absolute immunity in this court.

**FOR A FIFTEENTH DEFENSE**

83. Greenwood County is entitled to be dismissed from this matter as the Sheriff and his Deputies are not employees of Greenwood County. No Greenwood County employees are involved in this incident.

**FOR A SIXTEENTH DEFENSE**

84. Plaintiff's claim for negligence fails as there is no cause of action for a negligent arrest.

**FOR A SEVENTEENTH DEFENSE**

85. Plaintiffs claims for false imprisonment fail as a matter of law in that probable cause existed for Plaintiff's arrest.

**FOR AN EIGHTEENTH DEFENSE**

86. Plaintiff's claim for malicious prosecution fails as a matter of state law as immunity applies under the South Carolina Tort Claims Act.

**FOR A NINTEENTH DEFENSE**

87. These Defendants are entitled to the protections, conditions, limitations and immunities preserved and afforded by the South Carolina Tort Claims Act as a defense in whole on in part to Plaintiff's claims.

**FOR A TWENTIETH DEFENSE**

88. These Defendants are entitled to sovereign immunity as a bar to Plaintiff's claims in whole or in part.

**FOR A TWENTY-FIRST DEFENSE**

89. Plaintiff's claims are barred in whole or in part but the public duty rule.

**FOR A TWENTY-SECOND DEFENSE**

90. These Defendants are entitled to immunity pursuant to the South Carolina Tort Claims Act as a bar to Plaintiff's claims.

**FOR A TWENTY-THIRD DEFENSE**

91. The Plaintiff was arrested pursuant to a valid arrest warrant that was legally procured, and therefore, his claims must be dismissed.

**FOR A TWENTY-FOURTH DEFENSE**

92. These Defendants allege upon information and belief that at all times they were acting in good faith and within the course and scope of their employment and official duties, and therefore, these Defendants are immune from suit.

**FOR A TWENTY-FIFTH DEFENSE**

93. These Defendant at no time violated any clearly established constitutional rights which were known or should have been known to them, and therefore, these Defendants are entitled to immunity.

**FOR A TWENTY-SIXTH DEFENSE**

94. The actions of these Defendants were objectively reasonable in light of the existing law, and therefore, they are entitled to immunity.

**FOR A TWENTY-SEVENTH DEFENSE**

95. There is no suable entity known as the Greenwood County Sheriff's Department. Therefore, that Defendant should be dismissed from this action.

**FOR A TWENTY-EIGHTH DEFENSE**

96. These Defendants are immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-40.

**FOR A TWENTY-NINTH DEFENSE**

97. These Defendants are immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-50.

**FOR A THIRTIETH DEFENSE**

98. These Defendants are immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-60 (1), (2), (3), (4), (5), (6), (17), (20), (23) and (25).

**FOR A THIRTY-FIRST DEFENSE**

99. These Defendants are entitled to the protections of the limitations on recovery contained in the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-120.

**FOR A THIRTY-SECOND DEFENSE**

100. These Defendants are immune from suit pursuant to the South Carolina Tort Claims Act, including, but not limited to, South Carolina Code Ann. § 15-78-70 and 100.

**FOR A THIRTY-THIRD DEFENSE**

101. These Defendants plead justification as a bar in whole or in part to Plaintiff's claims.

**FOR A THIRTY-FOURTH DEFENSE**

102. These Defendants allege that all actions were a reasonable use of police power, and therefore, Plaintiff's claims are barred as a matter of law.

**FOR A THIRTY-FIFTH DEFENSE**

103. These Defendants allege that their actions with respect to the Plaintiff were, at all times, a proper exercise of their authority and/or duty, were authorized by law, were taken or made in good faith with probable cause, without malice, in the exercise of the due care and were reasonable and justified under the circumstances.

**FOR A THIRTY-SIXTH DEFENSE**

104. Plaintiff fails to state a claim for which relief may be granted on his cause of action for negligence as these Defendants at all times acted reasonably and in good faith in the exercise of their legal rights and at no time did they intentionally, consciously fail to do something that was incumbent upon them to do, nor did they intentionally do a thing they ought not do. Furthermore, as these Defendants at no time breached any duty to the Plaintiff, Plaintiff cannot establish that these Defendants failed to exercise even slight care. As such, Plaintiff's cause of action for gross negligence should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

**FOR A THIRTY-SEVENTH DEFENSE**

105. Jurisdiction for actions under the South Carolina Tort Claims is vested in the circuit court in the State of South Carolina and not in this court. The state law tort claims are governed by the Tort Claims Act and must be dismissed.

**FOR A THIRTY-EIGHTH DEFENSE**

106. These Defendants are immune from suit under the South Carolina Tort Claims Act.

WHEREFORE, having fully answered the Complaint of the Plaintiff, the Defendants, David Byron Keener, III, Wesley McClinton and James Travis Freeman, pray that the Complaint be dismissed with prejudice, for the costs of this action and for such other and further relief as the Court deems just and proper.

**GARFIELD SPREEUWERS LAW GROUP**

By: *s/ David L. Morrison*
David L. Morrison (Fed. #3581)
1220 Pickens Street
Columbia, South Carolina 29201
Phone: (803) 830-5496
E-mail: david@gslawsc.com

***Attorney for Defendants***

Columbia, South Carolina

April 27, 2026