IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Bryan Joseph Getchius,<br><br>Plaintiff(s),<br><br>v.<br><br>Greenwood County, Greenwood County Sheriff's Office, Dennis D Kelly, et al.,<br><br>Defendant(s). | C/A No. 8:26-cr-01033-JDA-KDW<br><br>**CONFERENCE AND SCHEDULING ORDER** |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. Discovery may begin upon receipt of this Order.

1. A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than **May 19, 2026**.[1] At conference the parties shall confer concerning all matters set forth in Fed. R. Civ. P. 26(f) and whether the schedule set forth in this Order is appropriate and, if not, what modifications are necessary.[2]

2. No later than **June 02, 2026**, the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[3]

3. No later than **June 02, 2026**, the parties shall file a Rule 26(f) Report in the form attached to this Order. Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.

4. Motions to join other parties and amend the pleadings shall be filed no later than **June 23, 2026**. ALL motions to amend pleadings must be accompanied by a proposed amended pleading.

5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial, and certifying that a written report prepared and signed by any expert meeting the criteria under Fed. R. Civ. P. 26(a)(2)(B), including all information required by Fed. R. Civ. P. 26(a)(2)(B), has been disclosed

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.

[2] The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. *See* attached Notice of Availability of United States Magistrate Judge.

[3] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. *See* Fed. R. Civ. P. 29 and Local Civil Rule 29.01.

to other parties by **July 23, 2026**. For all other expert witnesses, counsel should make the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) by **July 23, 2026**.

6. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial, and certifying that a written report prepared and signed by any expert meeting the criteria under Fed. R. Civ. P. 26(a)(2)(B), including all information required by Fed. R. Civ. P. 26(a)(2)(B), has been disclosed to other parties by **August 24, 2026**. For all other expert witnesses, counsel should make the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) by **August 24, 2026**.

7. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **August 24, 2026**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. *See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3).

8. Discovery shall be completed no later than **October 23, 2026**. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02. and have had a telephone conference with Judge West in an attempt to resolve the matter informally. Attorneys should send a request for a telephone conference via e-mail to west_ecf@scd.uscourts.gov.**

9. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed no later than **December 22, 2026**.

10. Mediation, pursuant to Local Civil Rules 16.04–16.12, shall be completed in this case no later than **November 23, 2026**.[4] See attached form setting forth Mediation Requirements. **At least thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel.

11. This case is subject to being called for jury selection and/or trial the later of 60 days after dispositive motions have been resolved or on or after **February 22, 2027**. Once a specific jury selection and trial date are scheduled, a NOTICE will be issued at that time. The Notice will set forth deadlines for the Fed. R. Civ. P. 26(a)(3) pretrial disclosures and objections, motions in limine, pretrial briefs, and marking of exhibits.

---

[4] Attorneys primarily responsible for handling the trial, parties, and/or insurer representatives with full settlement authority are ordered to be present in person, and will only be excused for good cause shown. "Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to negotiate on this case in a mutual, good faith effort to reach a fair and reasonable settlement.

**IT IS SO ORDERED.**

s/Kaymani D. West
UNITED STATES MAGISTRATE JUDGE

April 28, 2026
Florence, South Carolina

Attachments:

1) Rule 26(f) Report Form
2) Notice of Availability of United States Magistrate Judge
3) Mediation Form
4) Mediation Requirement Form

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Bryan Joseph Getchins<br>Plaintiff(s),<br><br>v.<br><br>Greenwood County, Greenwood County Sheriff's Office, Dennis D Kelly, et al<br><br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No.: 8:26-cr-01033-JDA-KDW<br><br><br>**RULE 26(f) REPORT** |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

________ We agree that the schedule set forth in the Conference and Scheduling Order filed ________________________ is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

________ We agree that the schedule set forth in the Conference and Scheduling Order filed ____________________ requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

________ We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by Fed. R. Civ. P. 26(f), with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

(SIGNATURE PAGE ATTACHED)

PLAINTIFF(S)

*Signature of Plaintiff's Counsel*

*Printed Name of Plaintiff's Counsel and Party Represented*

*Signature of Plaintiff's Counsel*

*Printed Name of Plaintiff's Counsel and Party Represented*

*Signature of Plaintiff's Counsel*

*Printed Name of Plaintiff's Counsel and Party Represented*

*Signature of Plaintiff's Counsel*

*Printed Name of Plaintiff's Counsel and Party Represented*

*Dated:*________________________

DEFENDANT(S)

*Signature of Defendant's Counsel*

*Printed Name of Defendant's Counsel and Party Represented*

*Signature of Defendant's Counsel*

*Printed Name of Defendant's Counsel and Party Represented*

*Signature of Defendant's Counsel*

*Printed Name of Defendant's Counsel and Party Represented*

*Signature of Defendant's Counsel*

*Printed Name of Defendant's Counsel and Party Represented*

*Dated:* ________________________

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | | |
|---|---|---|
| Bryan Joseph Getchins,<br>Plaintiff(s),<br>v.<br>Greenwood County, Greenwood County Sheriff's Office, Dennis D Kelly, et al.,<br><br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>) | Civil Action No. 8:26-cr-01033-JDA-KDW |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability*. A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

Consent to a magistrate judge's authority. The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| ______________________ | ______________________ | ______________________ |
| ______________________ | ______________________ | ______________________ |
| ______________________ | ______________________ | ______________________ |
| ______________________ | ______________________ | ______________________ |

### Reference Order

**IT IS ORDERED**: This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: ____________________

______________________________
District Judge's signature

______________________________
Printed name and title

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

IN THE UNITED STATES DISTRICT COURT ) MEDIATION REQUIREMENTS
FOR THE DISTRICT OF SOUTH CAROLINA )

Mediation is to be scheduled and completed in all cases, including those cases involving unrepresented parties. Mediation shall be completed by the date indicated in the scheduling order. A Mediation Initiation Form is attached for your use. Upon completion of the mediation, counsel shall advise the Court in writing only that the mediation has occurred, the date of the mediation, whether the case was settled in whole or in part, and whether a trial is required.

The parties should select a mediator consistent with Local Rule 16.06 D.S.C. A roster of certified mediators is available from the Clerk of Court or may be accessed under the Mediation heading at http://www.scd.uscourts.gov/cases.htm.

All parties and their lead trial counsel, having authority to settle and to adjust pre-existing settlement authority if necessary, are required to attend the mediation in person unless excused by the Court for good cause shown. Insurer representatives with decision-making authority also are required to attend in person, unless excused by the Court, if their agreement would be necessary to achieve a settlement. Every person who is excused from attending in person must be available to participate by telephone, unless otherwise ordered. At the mediation, parties, their insurer representatives and their primary trial counsel should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement. All necessary discovery should be completed prior to mediation. Lack of discovery or settlement authority is no excuse for failure to appear and/or participate. See Local Rule 16.09 D.S.C.

This form has been provided to all counsel of record and to all pro se parties. Counsel are responsible for notifying and ensuring the presence of parties and insurer representatives as described above. If a case has been mediated previously, counsel shall notify the Court immediately in writing.

Communications made in connection with or during the mediation are confidential and protected by Federal Rule of Evidence 408 and Federal Rule of Civil Procedure 68. If a settlement is not reached at mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge. See Local Rule 16.08(C) D.S.C.

If any reason exists why any party or counsel should not participate in this mediation, the Court is to be advised of these reasons in writing immediately.

Any questions concerning the selection of a mediator or the mediation process generally should be referred to the court's ADR Program Coordinator, Billie Goodman, at (803) 253-3491.

Kaymani D. West
UNITED STATES MAGISTRATE JUDGE