IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Bryan Joseph Getchius, Plaintiff(s), | ) | C/A No. 8:26-cv-01033-JDA-KDW |
| v. | ) | **AMENDED CONFERENCE AND SCHEDULING ORDER** |
| Greenwood County, Greenwood County Sheriff's Office, Dennis D Kelly, et al., Defendant(s). | ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. Discovery may begin upon receipt of this Order.

1. No later than **October 02, 2026**, the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[3]

2. No later than **October 02, 2026**, the parties shall file a Rule 26(f) Report in the form attached to this Order. Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.

3. Motions to join other parties and amend the pleadings shall be filed no later than **October 23, 2026**. ALL motions to amend pleadings must be accompanied by a proposed amended pleading.

4. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial, and certifying that a written report prepared and signed by any expert meeting the criteria under Fed. R. Civ. P. 26(a)(2)(B), including all information required by Fed. R. Civ. P. 26(a)(2)(B), has been disclosed

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.

[2] The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. *See* attached Notice of Availability of United States Magistrate Judge.

[3] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. *See* Fed. R. Civ. P. 29 and Local Civil Rule 29.01.

to other parties by **November 23, 2026**. For all other expert witnesses, counsel should make the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) by **November 23, 2026**.

5. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial, and certifying that a written report prepared and signed by any expert meeting the criteria under Fed. R. Civ. P. 26(a)(2)(B), including all information required by Fed. R. Civ. P. 26(a)(2)(B), has been disclosed to other parties by **December 23, 2026**. For all other expert witnesses, counsel should make the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) by **December 23, 2026**.

6. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **December 23, 2026**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. *See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3).

7. Discovery shall be completed no later than **February 23, 2027**. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02. and have had a telephone conference with Judge West in an attempt to resolve the matter informally. Attorneys should send a request for a telephone conference via e-mail to west_ecf@scd.uscourts.gov.**

8. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed no later than **April 22, 2027**.

9. Mediation, pursuant to Local Civil Rules 16.04–16.12, shall be completed in this case no later than **March 23, 2027**.[4] *See* Mediation Requirements. **At least thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel.

10. This case is subject to being called for jury selection and/or trial the later of 60 days after dispositive motions have been resolved or on or after **June 22, 2027**. Once a specific jury selection and trial date are scheduled, a NOTICE will be issued at that time. The Notice will set forth deadlines for the Fed. R. Civ. P. 26(a)(3) pretrial disclosures and objections, motions in limine, pretrial briefs, and marking of exhibits.

---

[4] Attorneys primarily responsible for handling the trial, parties, and/or insurer representatives with full settlement authority are ordered to be present in person, and will only be excused for good cause shown. "Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to negotiate on this case in a mutual, good faith effort to reach a fair and reasonable settlement.

**IT IS SO ORDERED.**

Kaymani D. West
UNITED STATES MAGISTRATE JUDGE

Dated: June 3, 2026
Florence, South Carolina